clear preponderance of evidence shows contributory negligence, and that the conclusion of the court below cannot be sustained. See Tyrrell v. Metropolitan St. Ry. Co., 110 App. Div. 873, 96 N. Y. Supp. 490; Mosesco v. Interborough Rapid Transit Co., 113 App. Div. 517, 99 N. Y. Supp. 345.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. (dissenting). I vote against the reversal of this judgment. The only issue involved was one of fact, and upon conflicting testimony the trial justice, who had an opportunity of seeing and hearing the witnesses, rendered judgment for the plaintiff. There is nothing improbable in the plaintiff's testimony, and the trial justice had placed upon it the stamp of his approval. Of the four witnesses called by the defendant, two were its employés and interested witnesses. Unless judgments are to be reversed merely because the defeated party calls more witnesses than its opponent, I can see no reason for reversing this judgment.

The judgment appealed from should be affirmed, with costs.

---

(55 Misc. Rep. 230)

### BISTRITZ v. STAR FIRE INS. CO. OF LOUISVILLE, KY.

(Supreme Court, Appellate Term. June 27, 1907.)

WITNESSES—CROSS-EXAMINATION—MEMORANDUM TO REFRESH RECOLLECTION.
  Where, on the trial of an action on a fire policy, insured refreshed his recollection as to the goods destroyed by reference to two pages of a memorandum book, which pages were in his handwriting, cross-examination as to whether the entire book was in his handwriting was erroneously excluded.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 958.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Baruch Bistritz against the Star Fire Insurance Company of Louisville, Ky., on a fire policy. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

S. J. Rosenblum, for appellant.
Feltenstein & Rosenstein, for respondent.

PER CURIAM. This is an appeal from a judgment in favor of the plaintiff for $519.41. The action was brought to recover upon the usual standard form of policy of fire insurance. As the judgment appealed from must be reversed, because of an erroneous ruling upon an important question of evidence that was involved, and the action must be retried, we do not think it necessary to review all the questions presented by this appeal.

The appellant was not allowed sufficient scope in cross-examination. The plaintiff refreshed his recollection, as to the goods that were destroyed by fire, by reference to two pages of a memorandum book, which pages were in his handwriting. On cross-examination he was asked whether the entire book was in his handwriting, and objection to this question was sustained, over the exception of the defendant. We think that the defendant clearly had the right to have the witness answer this question. If the witness answered that the book was not in his handwriting, it could not have been offered in evidence; but if he answered that it was in his handwriting, and it contained matter·relevant to the issue, it certainly would have been competent evidence against him. It is impossible for us to say that the defendant was not prejudiced by the ruling that was made, and the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.